CONTEMPORARY BUILDING MAINTENANCE, INC., A corporation, Plaintiff-Respondent,

v.

Michael STUPPERICH, et al., Defendants-Appellants.

No. 46581.

Missouri Court of Appeals, Eastern District, Division Two.

July 17, 1984.

Doskocil & Pulos, Inc., St. Louis, for plaintiff-respondent.

Gary, Stewart & Clarkin, E. Thomas Clarkin, Clayton, for defendants-appellants.

SIMON, Judge.

Michael, Paul, David and Otto Stupperich, partners of 11855 Investment Company (defendants), appeal from an adverse ruling in a declaratory judgment action in the Circuit Court of St. Louis County. Contemporary Building Maintenance, Inc. (Contemporary) sought a declaratory judgment as to its rights and liabilities under a lease between it and the defendants.

Otto Stupperich, formerly the sole shareholder of Contemporary, sold his stock in Contemporary to Glenn Nowak (Nowak) and three other investors. At the time of the sale negotiations, Contemporary was leasing space in a building owned by the defendants. Nowak and the other investors were interested in securing a five year lease so that Contemporary could continue to operate its business in the same building. It was suggested that Otto, as major partner in the partnership, should procure a new lease for Contemporary.

Subsequently, a five year lease was executed and a dispute arose regarding the payment of taxes and insurance.

The dispute centered on the term and rental provision of the lease, which provides:

> *Term and Rental* for and during the term of five (5) years commencing on the first day of February 1981 and ending on the thirty-first day of January 1986 at the yearly rental of *$12,712.56* Dollars, payable in advance in equal monthly installments of *$1,059.38*

> In addition, Lessee agrees to pay all taxes and insurance on this property and the annual and monthly Rental Payment shall be adjusted accordingly. Lessee shall assume responsibility for the janitorial maintenance and exterior maintenance for the entire property.

Defendants contend the lease provision means that the annual and monthly rental payment is adjusted upward to include the payment of the taxes and insurance. Conversely, Contemporary contends that its monthly rental payments were to be adjusted downward to reflect the payment of taxes and insurance.

On appeal, defendants raise the following points: (1) the trial court erred in finding that the lease was prepared by defendants because there was no substantial evidence to support that finding. Alternatively, if defendants prepared the lease, the trial court erroneously declared the law in holding the lease was to be construed against defendants; and (2) there was no substantial evidence to support the trial court's finding that Contemporary was entitled to deduct the payment of taxes and insurance from the monthly rent. We affirm.

■ The trial court's judgment shall be affirmed if it is supported by substantial evidence; it is not against the weight of the evidence, and the trial court correctly declared or applied the law. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). We find that the judgment is supported by substantial evidence and no erroneous declaration or application

of the law has occurred. An extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.